IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Stephanie Floyd-McInnis, Individually, and as next friend for A.M. (a minor under the age of 14),<br><br>Plaintiff,<br><br>v.<br><br>Horry County School District, THOMAS MICHAEL INTERLANDI, in his individual capacity,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.:<br><br><br><br><br>COMPLAINT<br><br>(Jury Trial Requested) |

## COMPLAINT

The Plaintiffs, complaining of the Defendants, Horry County Schools and Thomas Michael Interlandi ("Defendants"), would respectfully show unto this Honorable Court:

## PARTIES & BACKGROUND

**Plaintiffs**

1.      That Plaintiff, Stephanie McInnis (hereinafter "Plaintiff"), was a citizen and resident of the County of Horry, State of South Carolina at all times relevant herein.

2.      That Plaintiff A.M. (hereinafter "A.M.") is the minor daughter of Plaintiff and was a citizen and resident of the County of Horry, State of South Carolina at all times relevant herein.  That Plaintiff brings this action individually, and as next friend for A.M., her minor daughter (hereinafter Plaintiff Stephanie McInnis and A.M., are collectively referred to as "Plaintiffs") who was subject to constitutional violations, unlawful neglect,

and additional harms at the hands of Horry County Schools and Thomas Michael Interlandi while traveling on a Horry County Schools' Bus.

**Horry County Schools**

3.     That upon information and belief, Defendant Horry County Schools is a school district operated as a subdivision of Horry County Government and is a governmental agency with its principal place of business located in the County of Horry, State of South Carolina and is responsible for the actions or inactions of its agents and employees, including but not limited to their bus drivers.

4.     That upon information and belief the majority, if not all, of the events to this claim took place on a Horry County School bus.

5.     That Defendant Horry County Schools is being sued in its representative capacity pursuant to the South Carolina Tort Claims Act that makes the employing entity liable for the torts of its employees and agents (S.C. Code §15-78-70). Plaintiffs allege that Horry County School is liable for the acts and omissions of its employees, including but not limited to their bus drivers, for the negligence, gross negligence, recklessness, and other liability-forming conduct that caused the harm to Plaintiffs.

**Defendant Thomas Michael Interlandi**

6.     Upon information and belief, Defendant Thomas Michael Interlandi is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendant Horry County Schools at all times relevant herein.  Specifically, Defendant Thomas Michael Interlandi, at all times relevant herein, was employed by the Horry County School District as a *Bus Driver*.  For purposes of this action, Defendant Thomas Michael Interlandi is being sued in his individual capacity under the color of state law.

Defendant Thomas Michael Interlandi was well aware of Plaintiff's constitutional rights that he violated. Furthermore, upon information and belief, Defendant Thomas Michael Interlandi had an extensive criminal record and was not a fit and proper person to be trusted with the care and custody of school children as a *Bus Driver*.

7.     The negligent, grossly negligent acts, omissions, unconstitutional, and liability-forming conduct of Defendants and their agents, principals, employees, and/or servants, both directly and vicariously, pursuant to principles of non-delegable duty, apparent authority, agency, ostensible agency and/or respondeat superior and the acts and/or omissions of the abovenamed Defendants was the direct and proximate cause of the injuries, damages, and losses to Plaintiffs.

8.     That at all relevant times, A.M., was an eight (8) year old female student who attended an elementary school with Horry County Schools and traveled to and from school frequently on Horry County School's buses, and Defendants owed a duty to protect the minor child from harm, including assault, unlawful neglect, and constitutional violations, while she was under their care.

## JURISDICTION AND VENUE

9.     This court has a federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because (i) the federal law claims arising under the constitution and statutes of the United States, and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

10.     Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the

separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

11.    That Plaintiffs incorporate herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

12.    That A.M., at the time of the allegations referenced herein, was an eight (8) year old female student at Pee Dee Elementary School and traveled to and from school frequently owned and or operated by Horry County Schools.

13.    That upon information and belief, and at all times relevant herein, Defendants Thomas Michael Interlandi was an employee and servant of Defendant Horry County Schools as a bus driver making him under the direct control and supervision of Defendant Horry County Schools.

14.    That upon information and belief, and at all times relevant herein, Defendant Horry County Schools had the ability to control, supervise, and monitor or should have known they had the ability to control, supervise, and monitor their bus drivers, aides, employees, agents, contractors, and/or servants, including but not limited to Defendant Thomas Michael Interlandi, making them liable for their actions and inactions that led to the damages Plaintiffs sustained.

15.    That upon information and belief, and at all times herein, Defendant Horry County Schools knew or should have known of the necessity and opportunity to exercise control of Defendant Thomas Michael Interlandi.

4

16.     That on or about August 25, 2023, at approximately 3:15 pm, Defendant Thomas Michael Interlandi was operating a Defendant Horry County Schools school bus in the area of March Road in the Conway section of Horry County.

17.     Eventually, Defendant Thomas Interlandi arrived at or near Plaintiff A.M., bus stop and instructed the minor Plaintiff to get off the bus.  As A.M., started to get off of the bus, she noticed a dog and retreated to the bus in fear.  Defendant Thomas Michael Interlandi then angrily demanded that the minor Plaintiff get off the bus.  However, in fear, the minor Plaintiff informed Defendant Thomas Michael Interlandi that there were "dogs" out there and was reluctant to get off of the bus. The exchange continued between Defendant Thomas Michael Interlandi until he ultimately chose to reverse his vehicle and leave the bus stop.

18.     At the same time, the minor Plaintiff's arm got stuck in the bus door when Defendant Thomas Michael Interlandi shut the door. The minor Plaintiff informed Defendant Thomas Michael Interlandi that harm arm was stuck in the door, and he maliciously responded audibly that she, "shouldn't have put her hand there," and "serves you right" as he continued to drive away, refusing to open the door that the minor Plaintiff's arm was lodged in-between.  Additionally, Defendant Horry County Schools had an aide present on the bus who refused to demand that Defendant Thomas Michael Interlandi stop the vehicle and open the door after Defendant Thomas Michael Interlandi acknowledged to the aide that the minor Plaintiff's hand was stuck in the door and that she, "shouldn't have put her hand there."

19.     Eventually, after reversing the bus to a previous stop Defendant Thomas Michael Interlandi stopped the bus at a prior stop and let the Minor Plaintiff off of the

bus.  After letting the minor Plaintiff off of the bus Defendant Thomas Michael Interlandi said audibly, "you see what I have to go through" and the Minor Plaintiff walked off the bus shocked, distressed, and suffering *severe* physical injuries to her left wrist/arm that was trapped in the door that required medical attention.

20.     Defendant Thomas Michael Interlandi's force used in shutting the door on the Minor Plaintiff's arm after she refused to get off of the bus due to fear of dogs was severe, disproportionate to the need presented, and was inspired by malice and/or sadism and cannot be interpreted to being an act of carelessness or unwise excess of zeal. Rather, it was an inhumane abuse of official power and shocking to the conscious to the extent that he was later arrested by law enforcement and criminally charged for his actions in this matter.

21.     That as a direct and proximate result of Defendants' actions and/or inactions, Plaintiff A.M. suffered the following injuries: violation of her constitutional right under the Fourteenth Amendment to the United States Constitution to due process, the possession and control of her person, right to be free from any violations of her liberty interest; violation of her constitutional right under the Fourth Amendment of the United States Constitution to remain free from unreasonable seizures and excessive force, great and permanent mental harm and injury, physical pain from the assault, battery, severe physical injuries, emotional distress, psychological trauma, apprehension, anxiety, depression, embarrassment, shame, and a loss of enjoyment of life, all resulting from the actions and inactions described herein, which has and will in the future require the need for medical treatment for both physical injuries and mental and emotional health treatment services.

22.    That Defendant Horry County Schools was under a duty to prevent Defendant Thomas Michael Interlandi from harming Plaintiffs and/or conducting himself in a manner that created an unreasonable risk of harm to others, including A.M.

23.    That as a proximate and actual result of Defendants' negligent, outrageous, carelessness, recklessness, wantonness, and gross negligent conduct, Plaintiffs, suffered and will in the future suffer severe pain, physical injuries, permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which will in the future require psychological and psychiatric medical care and treatment, and has caused and will in the future cause Plaintiffs to incur medical costs.

24.    That as a direct and proximate cause of the aforementioned incident, A.M., suffered injuries from which she has suffered and will continue to suffer great physical pain, physical injuries, and mental anguish, and has caused her to lose the enjoyment of aspects of her life.

**FOR A FIRST CAUSE OF ACTION**
**AS TO DEFENDANT HORRY COUNTY SCHOOLS**
**Negligence/Gross Negligence and/or Recklessness**

25.    That Plaintiffs incorporate herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

26.    That Defendant owed/owes a clear duty to A.M., and other students while on school property and while traveling on school buses.

27.    That Defendants acting through its agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

a)  In failing to properly train, supervise, and monitor its staff;

b)  In failing to provide a safe school bus for children, including A.M.;

c)  In hiring and retaining employees who were not fit to care for children, including A.M.;

d)  In failing to take reasonable precautions and safety measures for its students;

e)  In failing to properly hire, train, and/or supervise its employees;

f)  In failing to have adequate policies and procedures in place to protect minor female students on their buses, including A.M.;

g)  In failing to act as a reasonably prudent entity would act under the same or similar circumstances;

h)  In failing to protect the minor Plaintiff;

i)  In failing to enforce their own internal rules, policies, procedures, and standards;

j)  In any other such manner that Plaintiffs may become aware of through discovery and/or at trial.

28.    All of which were the direct and proximate cause of the damages suffered by the Plaintiffs herein, said acts being in violation of the statutes and laws of the State of South Carolina.

29.    That as a direct and proximate result of Defendants' negligence, gross negligence, carelessness, and/or recklessness, Plaintiff M.B. was harmed and sustained severe and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

30.     That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff has and will likely, in the future, be caused to incur medical expenses.

31.     That Plaintiffs are informed and believe that they are entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

## FOR A SECOND CAUSE OF ACTION
## AS TO DEFENDANT HORRY COUNTY SCHOOLS
### Negligent Supervision/ Negligent Hiring/Negligent Training/Negligent Retention

32.     That Plaintiffs incorporate herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

33.     That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiffs.  Further Defendant Horry County Schools is empowered by law to make regulations to ensure that their schools and transportation system operates legally, safely, and in a way that does not pose threats of harm and constitutional injuries to students, including Plaintiff A.M, however, their employees, agents, and/or servants have failed to adopt policies, rules, and regulations not inconsistent with the laws of the State to protect students from assault, unlawful neglect, and constitutional injuries involving their Fourth Amendment constitutional rights "to remain free from unreasonable seizures and use of excessive force at the hands of the state" Fourteenth Amendment requiring the State to not deprive any person of "life, liberty, or property

without due process of law" to both to which are sacred rights protected by the United States Constitution.

34.    That Plaintiffs are informed and believe that Defendant through the negligent, reckless, wanton, outrageous, and grossly negligent conduct of its employees are further negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars:

(a)  In failing to exercise the degree of care that a reasonable employer would have exercised under the same or similar circumstances;

(b)  In failing to conduct a proper and adequate background search or review of its employees before and after hiring;

(c)  In failing to monitor the conduct of its employees and to take appropriate steps to discipline and/or terminate them subsequent to the commissions of negligent, outrageous, willful, wanton, reckless, grossly negligent, and/or unlawful acts;

(d)  In failing to properly supervise its employees;

(e)  In failing to have in place adequate policies and procedures to monitor its employees, and if such policies and procedures were in place, in failing to enforce them;

(f)  In failing to have in place adequate policies and procedures to mandate compliance by its school districts and employees with state guidelines, statutes, laws, and regulations regarding Constitutional Rights, and if such policies and procedures were in place, in failing to enforce them; and

(g)  In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

35.    That all of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the State of South Carolina.

36.    That Plaintiff's A.M.'s injuries were of such nature as to require her to expend monies, to receive additional medical attention, and to require medical necessities.

37.     That Plaintiffs have suffered and will continue to suffer physical pain, physical injuries, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

38.     That Plaintiffs are informed and believe that they are entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate them for their injuries and damages.

**FOR A THIRD CAUSE OF ACTION**
**AS TO DEFENDANT HORRY COUNTY SCHOOLS**
**Loss of Personal Services**

39.     That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

40.     That Plaintiff Stephanie McInnis is the mother and guardian of A.M..

41.     That as a direct and proximate result of the aforementioned acts on behalf of Defendants, Plaintiff Stephanie McInnis has been injured and damaged in Actual and Consequential Damages as follows:

     i.     pre-trial medical expenses; and

     ii.     post-trial and future medical expenses until A.M.'s age of majority.

WHEREFORE, Plaintiff prays for judgment against the Defendants both jointly and in combination thereof for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANT THOMAS MICHAEL INTERLANDI**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Unreasonable Seizure and Excessive Force - Fourth Amendment**

42.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

43.     That during the period in question, Thomas Michael Interlandi was acting

under the color or pretense of State law, customs, practices, usage, or policy as a Bus Driver for Horry County Schools and had certain duties imposed upon him with regard to Plaintiff A.M.

44.     That during the period in question, Thomas Michael Interlandi was well aware of Plaintiff A.M.'s constitutional rights, including her constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable seizures and use of *excessive* force.

45.     Courts have consistently recognized the right "to remain free from unreasonable seizures and use of excessive force at the hands of the state to be one of the rights protected by the United States Constitution.  The above set forth facts show that Thomas Michael Interlandi maliciously shut the bus door on the Minor Plaintiff's arm and refused to open its grips from the Plaintiff's arm, seizing her person from freeing herself from the moving bus simply because she was scared to exit the vehicle, while he was acting in the course and scope of her employment as a bus driver Horry County Schools. As such, Defendant Thomas Michael Interlandi's actions were so severe, and disproportionate to the need presented, were inspired by malice and/or sadism that cannot be interpreted to being an act of carelessness or unwise excess of zeal, and were meant to punish the minor Plaintiff by seizing her from freeing her person for refusing to exit the bus when he instructed her to.  His actions were consistent with an inhumane abuse of official power and shocking to the conscious to the extent that he was later arrested by law enforcement and criminally charged for his actions in this matter.

46.     That Defendant Thomas Michael Interlandi's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of

Plaintiff's resulting severe physical injuries and harms.

47.    As a direct and proximate cause of Defendant Thomas Michael Interlandi's conduct, Plaintiff A.M., has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A FIFTH CAUSE OF ACTION**
**AS TO DEFENDANT THOMAS MICHAEL INTERLANDI**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Violation of Due Process - Fourteenth Amendment**

48.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

49.    That during the period in question, Thomas Michael Interlandi was acting under the color or pretense of State law, customs, practices, usage, or policy as a bus driver with Horry County Schools and had certain duties imposed upon him with regard to Plaintiff A.M.

50.    That during the period in question, Thomas Michael Interlandi was well aware of Plaintiff A.M.'s constitutional rights, including her right to due process, the possession, and control of her person, and to be free from any violations of her liberty interest, and her right to be free from unjustified intrusions on personal security protected by the Fourteenth Amendment.

51.     Courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected by the Due Process Clause. Ingraham v. Wright, 430 U.S. 651, 673 (1977). The above set forth facts show that Thomas Michael Interlandi's actions and inactions directed towards Plaintiff A.M., were so severe, and disproportionate to the need presented, and were inspired by malice and/or sadism and cannot be interpreted to being an act of carelessness or unwise excess of zeal and was meant to punish the minor Plaintiff by seizing her from freeing her person for refusing to exit the bus when he instructed her to.  His actions were consistent with an inhumane abuse of official power and shocking to the conscious to the extent that he was later arrested by law enforcement and criminally charged for his actions in this matter.

52.     Furthermore, Plaintiff A.M., received medical treatment for her severe physical injuries following this incident and suffered pain.

53.     That Thomas Michael Interlandi's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of Plaintiff A.M.'s resulting injuries and harms.

54.     That Defendant Thomas Michael Interlandi's use of force was disproportionate to the need presented making it excessive, unwarranted, did cause severe injury to Plaintiff, and was an unwise excess of zeal motivated by animus and outrage concerning A.M.'s refusal to exit the bus when instructed certainly shocking the conscience of any reasonable person and meant to chill punish a child for being scared of exiting the bus when instructed by her driver..

55.     As a direct and proximate cause of Thomas Michael Interlandi's conduct,

Plaintiff A.M., has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

## **RELIEF REQUESTED**

56.     That Plaintiffs incorporate herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

57.     **WHEREFORE,** Plaintiffs demand a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and pray for judgment against the Defendants both jointly and in combination as follows:

a.  Actual damages on all causes of action;

b.  Incidental damages on all causes of action;

c.  Consequential damages on all causes of action;

d.  Punitive damages on the THIRD, FOURTH, and FIFTH causes of actions;

e.  For reasonable attorney's fees and the costs and expenses of this action pursuant to 28 U.S.C. § 1988; and

f.  For such other and further relief as the court may deem just and proper.


**[SIGNATURE BLOCK ON THE FOLLOWING PAGE**

Respectfully submitted,


s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
1430 Richland Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Facsimile: 1-803-526-7642
Email: tyler@baileylawfirmsc.com

Columbia, South Carolina